

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-4857
Re: Whether artificial gas
distributor whose office
and storage rooms are
located outside the corporate
limits, who delivers
such gas, by truck, to
customers within an
incorporated city is
subject to gross receipts
tax levied by Art. 7060,
V.A.C.S.

Your letter of September 25, 1942
presents the following facts:

"A liquefied petroleum gas distributor whose
office and storage rooms are not located within any
incorporated city sells such gas and makes deliveries
of same to customers within the corporate limits of
a city of more than 1,000 inhabitants, according to
the last Federal Census. Such deliveries are made
by truck. The customer owns all equipment necessary
for the utilization of the gas thus delivered."

You request the opinion of this department as
to whether the tax levied by Art. 7060, V.A.C.S. will
apply to the distributor above described.

Article 7060, V.A.C.S. reads, in part, as
follows:

"Each individual, company, corporation, or
association owning, operating, managing, or con-
trolling any gas, electric light, electric power,
or water works, or water and light plant, located
within any incorporated town or city in this State,
and used for local sale and distribution in said
town or city, and charging for such gas, electric
lights, electric power, or water, shall make quar-
terly, on the first day of January, April, July,

Honorable George H. Sheppard, Page 2

and October of each year, a report to the
Comptroller under oath of the individual, or
of the president, treasurer, or superintendent
of such company, or corporation, or association
showing the gross amount received from such busi-
ness done in each such incorporated city or town
within this State in the payment of charges for
such gas, electric lights, electric power, or
water for the quarter next preceding. Said in-
dividual, company, corporation, or association,
at the time of making said report for any such
incorporated town or city of more than one thou-
sand (1,000) inhabitants, and less than two
thousand, five hundred (2,500) inhabitants, ac-
cording to the last Federal Census next preced-
ing the filing of said report, shall pay to the
Treasurer of this State an occupation tax for
the quarter beginning on said date equal to for-
ty-four hundredths (.44) of one (1) per cent of
said gross receipts, as shown by said report. . . "

The only question presented is whether the
distributor is operating a "gas-works" or a gas "plant"
"within an incorporated town or city" within the mean-
ing of Article 7060. In discussing this statute the
Commission of Appeals, in the case of Utilities Natu-
ral Gas Company v. State, 128 S.W. (2d) 1153, in an
opinion adopted by the Supreme Court, said:

"The main object of this statute is the
laying of an occupation tax against those who
engage in a business of the character defined
in the statute. The subject matter in respect
to which the tax is imposed is a business bear-
ing the characteristic marks specified in the
statute. With reference to the business of a
gas company, these characteristic marks in-
clude, among others which need not be noticed
at this time, a gas-works located in any in-
corporated city in this State which is 'used
for local sale and distribution' of gas in
said city or town."

In the same case the court makes the further
statement that:

"Since, therefore, the use of 'gas-works'
in a city or town in this State, for the dis-
tribution of gas in said city or town is, by

Honorable George H. Sheppard, Page 3

statute, made an essential characteristic of
the business taxed, it follows that the busi-
ness in which the plaintiff is engaged, as
disclosed by the undisputed facts, is not sub-
ject to the tax which this statute provides."

The court had before it the question of wheth-
er a gas distributor whose pipe line extended into the
city, from which gas was there delivered to a single cus-
tomer was liable for the tax. As will be seen from the
above quotations, the court in holding that such distrib-
utor was not liable for the tax construed the statute to
levy the tax upon the occupation which has the follow-
ing characteristic marks: 1. The gas plant must be lo-
cated within the incorporated city and 2. It must be
used for the "local sale and distribution" of gas in
such city or town.

The word "located" "has been variously defined
as fixed; fixed in place; placed; situated." 38 C.J.
132. The various definitions are synonymous, if not
identical, in meaning. They certainly convey clearly
the ordinary signification of the word "locate." Thus,
paraphrasing the statute, we may say that in order to
become subject to the tax levied by Article 7060, V.A.
C.S. the gas distributor must (1) own, operate, manage
or control a gas plant fixed in place, placed or situ-
ated  within an incorporated city or town and (2) must
use such plant for the local sale and distribution of
gas in such city or town.

We think that, under the facts submitted,
there is no "gas plant" located within the incorpora-
ted city, where the gas is distributed by truck to the
customers in the city, and since this is true one ele-
ment of liability is lacking. Consequently, we hold
that the distributor described by you is not subject to
the tax. This holding, however, is limited to the fact
situation stated in your inquiry, viz: where the dis-
tributor owns no machinery, fixtures, equipment or ap-
pliances used for the local sale and distribution of
gas and located within the city.

Honorable George H. Sheppard, Page 4

Our opinion No. O-3776 states that:

"It is the opinion of this department in line with the above quoted cases that any individual or corporation selling or distributing liquid petroleum gas to more than one consumer in any incorporated city within the population brackets stated in Article 7060, as amended by House Bill 8, Acts of the Forty-seventh Legislature, 1941, would be subject to the gross receipts tax levied therein."

We were there discussing a fact situation where the plant of the distributor was located within the incorporated city. To the extent that such statement is applicable to distributors whose plants are not located in the incorporated city it is dictum, and it is not applicable to the fact situation here under consideration.

Very truly yours,

ATTORNEY GENERAL OF TEXAS

BY *Fowler Roberts*

Fowler Roberts
Assistant

FR:gm

APPROVED OCT 15, 1942

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY ___
CHAIRMAN